# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NEIL ANAND, M.D.,** *et al.*, *Plaintiffs*, | : : : | **CIVIL ACTION** |
| v. | : : | |
| **JED SHAPIRO, M.D.,** *et al.*, *Defendants.* | : : : | **No. 19-600** |

## OPINION

### I. INTRODUCTION

Currently before the Court is the Motion to Dismiss and for a More Definitive Statement of Defendants, Jed Shapiro, M.D., Charles Williams, M.D., and Institute for Advanced Medicine and Wellness, PLLC (ECF No. 5). Defendants' Motion is a partial motion to dismiss.

### II. BACKGROUND

On February 12, 2019, the instant matter was removed from the Court of Common Pleas of Philadelphia County. ECF No. 1. Plaintiffs, Neil Anand, M.D., Rishi Anand, M.D., Sonia Anand, M.D., and Institute of Advance Medicine and Surgery, PLLC, are suing Defendants, Jed Shapiro, M.D., Charles Williams, M.D., and Institute for Advance Medicine and Wellness, PLLC, for: (1) breach of contract; (2) unjust enrichment; (3) *quantum meruit*; (4) fraudulent inducement; (5) breach of duties; (6) misappropriation of trade secrets in violation of the Pennsylvania Uniform Trade Secrets Act; (7) tortious interference with business

1

relations; (8) unfair competition; (9) violation of the Lanham Act; (10) defamation; and (11) commercial disparagement. *Id.* at 16-30. This Court has jurisdiction because a federal question (violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*) is alleged in the Complaint. 28 U.S.C. § 1331.

A. Allegations in Plaintiffs' Complaint

Plaintiffs allege that around April 2014, Defendants, Shapiro and Williams, each paid $30,000.00 to Plaintiffs, buying 20% of Plaintiffs' medical practice. ECF No. 1 at 13 ¶ 11. Thereafter, Shapiro and Williams became partners in Plaintiff, Institute of Advanced Medicine and Surgery, PLLC, availing themselves of the Plaintiffs' trade secrets and confidential information. *Id.* at 13 ¶¶ 12, 15. On April 15, 2014, Shapiro and Williams also executed agreements regarding Plaintiffs' Dr. Chrono EMR templates, wherein Plaintiffs' allowed Shapiro and Williams to use these EMR templates in connection with their practice with Plaintiffs. *Id.* at 15 ¶¶ 21, 22.

Sometime later, Plaintiffs' bought back Shapiro and Williams' 20% equity in Plaintiffs' medical practice, with the understanding that Shapiro and Williams would cease being a part of Plaintiffs' medical practice as of January 1, 2015 and would open medical practices in Virginia and Florida, respectively. *Id.* at 14 ¶¶ 16, 18. However, after leaving Plaintiffs' medical practice, Shapiro and Williams opened a new medical practice across the street from Plaintiffs' medical practice,

2

providing the same services as Plaintiffs under the name "Institute for Advanced Medicine and Wellness." *Id.* at 14 ¶ 19. Furthermore, Plaintiffs allege that Shapiro and Williams used the EMR templates for their new practice, in violation of the agreement executed on April 15, 2014. *Id.* at 15 ¶ 24. Subsequent to leaving Plaintiffs' medical practice, Shapiro and Williams also allegedly induced third party, Dr. Paul Soccio, to leave Plaintiffs' medical practice. *Id.* at 16-17 ¶¶ 25, 26. In addition to the aforementioned allegations, Plaintiffs allege that Shapiro and Williams defamed Plaintiffs by communicating to third parties that Plaintiff, Anand, was running a "pill mill," that he takes kickbacks, and is an unethical doctor. *Id.* at 16 ¶ 28.

B. Defendants' Partial Motion to Dismiss

Defendants' filed their Partial Motion to Dismiss and for a More Definite Statement on March 5, 2019. ECF No. 5. In their Motion, Defendants, pursuant to Fed. R. Civ. P. 12(b)(6), are seeking to dismiss Counts II through VIII of the Complaint, Plaintiffs' claims for punitive damages, and Plaintiffs' claims for attorney's fees in connection with Counts I-VIII and X-XI. *Id.* at 1. Defendants' Motion does not seek to dismiss Plaintiffs' claim brought under the Lanham Act (Count IX).

Defendants, in their Motion, argue that the statute of limitations bars Plaintiffs' fraudulent inducement, breach of duties, and unfair competition claims.

3

ECF No. 5-3 at 13. Second, Defendants argue that Plaintiffs' claims for fraudulent inducement, breach of fiduciary duty, misappropriation of trade secret, and unfair competition are barred by the "gist of the action" doctrine. *Id.* at 15. Third, Defendants argue Plaintiffs' unjust enrichment and *quantum meruit* claims must be dismissed because Plaintiffs allege an express agreement existed between the parties. *Id.* at 23. Fourth, Defendants argue that Pennsylvania law does not recognize failure to act in good faith and unfair competition as causes of action. *Id.* at 24, 26. Fifth, Defendants argue that Plaintiffs failed to sufficiently allege actual breach or non-performance by third-parties for their tortious interference with business relations claim. *Id.* at 24.

### III. DISCUSSION

#### A. Motion to Dismiss Standard of Review

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) ("Federal Rules of Civil Procedure 8(a) continues to require only a 'showing' that the pleader is entitled to relief."). "Each allegation must be simple, concise, and direct." *Id.* at (d)(1). The purpose of Rule 8 is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Burtch v. Milberg Factors, Inc.*, 662

F.3d 212, 220 (3d Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

When reviewing a motion to dismiss, the Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n. 27 (3d Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955)). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting *Iqbal*, 550 U.S. at 679, 129 S. Ct. 1937). *Twombly* and *Iqbal*, however, do not impose a heightened pleading requirement and the Supreme Court "also expressly disavowed the requirement

that a plaintiff plead specific facts." *Schuchardt*, 839 F.3d at 347 (internal quotations omitted) (citing *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008)).

Finally, courts reviewing the sufficiency of a complaint must engage in a three-step process. First, the court "must 'take note of the elements [the] plaintiff must plead to state a claim.'" *Connelly*, 809 F.3d at 787 (alterations in original) (quoting *Iqbal*, 550 U.S. at 675, 129 S. Ct. 1937). "Second, [the court] should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 550 U.S. at 679, 129 S. Ct. 1937). Third, "'[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (alterations in original) (quoting *Iqbal*, 550 U.S. at 679, 129 S. Ct. 1937). A claim may survive a motion to dismiss if it "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" which supports the claim's elements. *Id.* at 789.

B. Motion for a More Definite Statement Standard of Review

Pursuant to Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion for a more definite statement is the proper way for a defendant to request plaintiff "to lay out details that enable the defendants to respond intelligently and

6

the court to handle the litigation effectively." *Chapman v. Yellow Cab Cooperative*, 875 F.3d 846, 849 (7th Cir. 2017). "Motions for more definite statement are highly disfavored and are rarely granted by the court. Such motions will only be granted if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading or simple denial." *Taylor v. Cox*, 912 F. Supp. 140, 143 (E.D. Pa. 1995).

### C. Analysis

In the instant matter, Defendants' Motion to Dismiss is denied. When the allegations in Plaintiffs' Complaint are taken as true, Plaintiffs have sufficiently pled factual matter that states a claim that is plausible on its face. Defendants are also on notice as to what they need to defend against. When reviewing Defendants' Motion from a common-sense approach, granting it would not alleviate any burden on the parties when conducting discovery. The discovery for all eleven counts is related, i.e., discovery for one count is substantially the same discovery needed for the remaining ten counts. Even if the Court grants Defendants' Motion, the Lanham Act claim remains, and the parties have to conduct discovery on that issue. Due to the fact that the parties are going to conduct discovery on the Lanham Act claim, regardless of the disposition of this Motion, and because discovery on the Lanham Act claim will naturally act as discovery for the other claims, discovery on the other claims will not be a greater

burden on the parties or generate more costs. Defendants can argue the issues raised in this Motion in a dispositive motion after discovery is complete. Because a granting of Defendants' Motion will not alleviate any discovery in this matter, or dismiss any Defendant, and the Defendants can argue the same issues at the summary judgment stage, it is equitable to allow the Plaintiffs to proceed to discovery on all claims, with Defendants renewing the issues presented in this Motion through a dispositive motion filed after the completion of discovery. Accordingly, Defendants' Motion to Dismiss is denied.

Under the same analysis above, and based on the Defendants' arguments in their Motion, the Defendants are clearly able to intelligently respond to Plaintiffs' Complaint. Essentially, Defendants laid out their defenses in this Motion. This demonstrates that Defendants know what they are defending against in this matter. There is nothing vague or ambiguous about Plaintiffs' Complaint that would allow the Court to grant a Motion for a More Definite Statement, a highly disfavored relief. An alleged lack of detail in a plaintiff's complaint is not sufficient for granting a motion for a more definite statement. *See id.* Therefore, Defendants' Motion for a More Definite Statement is also denied.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion is denied. Defendants must file an answer to Plaintiffs' Complaint on or before April 8, 2019. The Court will issue an accompanying order consistent with this Opinion.

BY THE COURT:

Dated: 3-25-2019

_____
CHAD F. KENNEY, JUDGE