**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NEIL ANAND, M.D., *et al.*,**<br>***Plaintiffs,*** | : | **CIVIL ACTION** |
| **v.** | : | |
| **JED SHAPIRO, M.D., *et al.*,**<br>***Defendants.*** | : | **No. 19-cv-0600** |

**MEMORANDUM**

**KENNEY, J.** **NOVEMBER 4, 2026**

Before the Court is Plaintiff Neil K. Anand, M.D.'s Emergency Request for Reopening of Case, Production of Documents, Discovery, and Monetary Sanctions (ECF No. 40), which the Court will construe as a Motion. For the reasons set forth below, the Court will **DENY** Plaintiff's Motion (ECF No. 40).

## I. DISCUSSION

This case has been settled and closed for many years. Plaintiff's Motion is a not so clever attempt to create an end-run around recent decisions that this Court has made in his criminal case. *See United States v. Anand*, No. 19-cr-518-1 (E.D. Pa.). As Plaintiff is well aware, the Court has rejected his numerous requests to get records in his criminal case for the purpose of briefing his appeal before the Third Circuit. Plaintiff is now seeking to do here what he cannot get done in his criminal case. This latest Hail Mary fares no better and will be denied.

### A. Civil Action Settled

On February 12, 2019, Defendants removed this action from the Court of Common Pleas of Philadelphia County to the Eastern District of Pennsylvania. *See* ECF No. 1. After the Court denied Defendants' Motion to Dismiss, the parties proceeded to discovery. *See* ECF No. 9–10, 15. On October 17, 2019, after a settlement conference, Magistrate Judge Carol Sandra Moore

Wells issued an Order, which stated that the case had settled and was being closed. *See* ECF No. 39 at 1. The Order also stated that "[t]his court specifically retains jurisdiction until all conditions of the Settlement Agreement are satisfied." *Id.* It has now been over seven years since this case settled and was closed.

**B. Criminal Action Invoked**

In his Motion, Plaintiff claims that the Government produced discovery in his criminal case, *United States v. Anand*, No. 19-cr-518-1 (E.D. Pa.), "which conflicts with the testimony and responses of interrogatories of Defendant Jed Shapiro M.D." in this action, as well as statements made by Defendants at the May 9, 2019 Rule 16 pre-trial conference. ECF No. 40 at 2. According to Plaintiff, evidence in his criminal case is, therefore, "contaminat[ed]." *Id.* at 6, 8. Plaintiff seeks to have the Court reopen this case, require Defendant Shapiro to produce documents under his control, determine if statements made by Defendants constitute fraud upon the Court, and impose monetary sanctions and attorneys' fees. *See id.* at 10. Plaintiff claims that his procedural and substantive due process rights will be violated without judicial relief. *Id.* at 8.

**C. Jurisdictional Considerations**

The Court will deny Plaintiff's Motion as the Court did not retain jurisdiction to order collateral discovery in an action that has been final and closed for years. When a case is dismissed based on a settlement between the parties, federal jurisdiction typically terminates upon dismissal. *See O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (per curiam) ("When the initial action is dismissed, federal jurisdiction terminates."); *SS Niles Bottlestoppers, LLC v. Steer Mach. Tool & Die Corp.*, No. 16-cv-320, 2017 WL 6017785, at *2 (M.D. Pa. Dec. 5, 2017) ("[A] federal question no longer exists after the case is settled."). Moreover, once a case has settled and has been closed, it is generally this Court's practice to limit its exercise of jurisdiction to the 90-day

period provided for by Local Rule 41.1(b). *See Preitz v. Am. Airlines, Inc.*, No. 11-cv-44, 2017 WL 118092, at *1 (E.D. Pa. Jan. 11, 2017) (explaining that "[w]hile courts have the 'discretion' to retain jurisdiction over a case for the limited purpose of overseeing a settlement contract 'if the parties agree,' . . . it is this Court's practice to limit the exercise of such jurisdiction to the 90-day period prescribed under Local Rule 41.1(b)" (citation omitted)). The Court's October 17, 2019 Order did not express an intent to retain jurisdiction over all aspects of this case for an indefinite period of time. In addition, Plaintiff neither objected to the Court's 2019 dismissal Order, nor appealed that Order at the time that it was entered. And Plaintiff does not raise any issues with respect to the enforcement of the settlement agreement in this case.

**D. Timeliness Under Rule 60(b)**

Setting aside the jurisdictional issues that are presented by the discovery relief that Plaintiff seeks, Plaintiff also moves for relief in part under Federal Rule of Civil Procedure 60(b). *See* ECF No. 40 at 9. When "a district court enters a judgment, even one dismissing a case by stipulation of the parties, it retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) (internal quotations and citation omitted) (cleaned up); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (explaining that a court may have jurisdiction to entertain a motion to reopen a "dismissed suit by reason of breach of the [settlement] agreement that was the basis for dismissal" under Rule 60(b)). "Rule 60(b) is a narrow exception to finality." *Williams v. Rockview*, 178 F.4th 96, 98 (3d Cir. 2026).

In his Motion, Plaintiff fails to specify which provision of Rule 60(b) he is invoking, but his Motion is best construed as one brought under Rule 60(b)(3) in light of his allegations of fraud. *See* ECF No. 40 at 9 (arguing that "[a] district court may also entertain a Rule 60(b) motion alleging

fraud" and has the "power to vacate a judgement [sic] procured by fraud upon the Court"). Under Rule 60(b)(3), "the court may relieve a party . . . from a final judgment, order, or proceeding" on the basis of "fraud[,] . . . misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). Such a motion must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see also In re Bressman*, 874 F.3d 142, 148–49 (3d Cir. 2017) ("Rule 60 motions alleging fraud are ordinarily subject to a one-year limitations period."). To the extent that Plaintiff is seeking relief pursuant to Rule 60(b)(3), his Motion is untimely because it was filed over seven years after the Court's Order closing this case. *See* ECF Nos. 39–40. Therefore, Rule 60(b)(3) does not provide a ground for relief. *See, e.g.*, *Dukes v. Wood*, No. 23-1711, 2023 WL 5928490, at *1 (3d Cir. Sept. 12, 2023) (per curiam) (affirming denial of a Rule 60(b)(3) motion that was "filed more than a year after the [d]istrict [c]ourt entered its judgment" because the motion "was untimely"); *Gambocz v. Ellmyer*, 438 F.2d 915, 917 (3d Cir. 1971) (finding that a plaintiff's motion to vacate the district court's judgment was "barred by the one-year limitation under Rule 60(b)").[1]

Nonetheless, Rule 60(d)(3) provides that "[t]his rule does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3); *see also In re Bressman*, 874 F.3d at 149 & n.25 ("This concept that the inherent power of federal courts to vacate a

[1] To the extent that Plaintiff is seeking relief under Rule 60(b)(6), the catchall category "cannot be used to bring claims that belong under other parts of the federal rules." *Williams*, 178 F.4th at 99. Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable[,]" *Kemp v. United States*, 596 U.S. 528, 533 (2022), and cannot be used "as a means by which the time limitations of 60(b)(1-3) may be circumvented." *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975); *see also In re Hertz Glob. Holdings, Inc. Sec. Litig.*, 830 F. App'x 393, 396 (3d Cir. 2020) ("To prevent the general from defeating the specific, a party may not use the exception in Rule 60(b)(6) for motions properly brought under Rules 60(b)(2) or 60(b)(3) to 'circumvent[]' the one-year time limitation." (quoting *Stradley*, 518 F.2d at 493)). As discussed herein, Plaintiff's Motion, which is predicated on fraud and misrepresentations, *see* ECF No. 40 at 9–10, is best read as being brought pursuant to Rule 60(b)(3), so Rule 60(b)(6) is inapplicable.

fraudulently obtained judgment—even years after the judgment was entered—has long been recognized by the Supreme Court." (first citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 248–49 (1944); then citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 233–34 (1995))). "The fraud on the court must be intentional, committed by an officer of the court, and directed at the court itself." *Pecina v. McDonald*, 795 F. App'x 124, 125 (3d Cir. 2019) (per curiam). Moreover, "[a] finding of fraud on the court requires 'egregious conduct,' must be supported by 'clear, unequivocal, and convincing evidence,' and must actually deceive the court." *Id.* (quoting *In re Bressman*, 874 F.3d at 150). This is an exacting standard to satisfy.

Here, Plaintiff appears to be arguing that the Court should reopen this action because "[f]raud upon the Court" occurred at the May 9, 2019 Rule 16 pre-trial conference when Defendant Shapiro purportedly "made knowing misrepresentations to this Court." *See* ECF No. 40 at 8–10. But Plaintiff does not argue that the *judgment* itself was procured based on fraud and, therefore, should be vacated. The October 17, 2019 Order that was entered dismissing this action was based on the parties' settlement of this case following a settlement conference, *see* ECF No. 39 at 1, and its validity is not being called into doubt. *Cf. Copeland v. Nixon*, 396 F. App'x 784, 786 (3d Cir. 2010) (per curiam) ("Settlement agreements are encouraged as a matter of public policy." (collecting cases)). Accordingly, the Court will deny Plaintiff's Motion for this reason as well.

## II. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motion (ECF No. 40). An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**